Page 2

**MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT**

**SENTENCE BY A PERSON IN FEDERAL CUSTODY**

## 16-CV-61177-BLOOM/WHITE

| United States District Court | District |
|---|---|
| Name (under which you were convicted): Qazi Raees | Docket or Case No.: 0:12-CR-60298-BB |
| Place of Confinement: U.S. Penitentiary Mart. | Prisoner No.: 01223-104 |
| UNITED STATES OF AMERICA | Movant (include name under which you were convicted) |
| v. | Qazi Raees |

### MOTION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:

   United States District Court of the Southern Florida District
   301 North Miami Avenue, Room 150
   Miami, FL, 33128

   (b) Criminal docket or case number (if you know): 0:12-CR-60298-BB

**FILED by ___ D.C.**
**JUN 03 2016**
**STEVEN M. LARIMORE**
**CLERK U. S. DIST. CT.**
**S. D. of FLA. – MIAMI**

2. (a) Date of the judgment of conviction (if you know):

   (b) Date of sentencing: 6/11/2015

3. Length of sentence: 35 Years

4. Nature of crime (all counts):

   1) Conspiracy to Provide material support and resources to terrorists 18 U.S.C. § 2339A(a)
   2) Attempt to provide material support and resources to a foreign terrorist organization 18 U.S.C § 2339B(a)(1)
   3) Conspiracy to Provide assault a federal employee 18 U.S.C. § 371

5. (a) What was your plea? (Check one)

   (1) Not guilty ☐     (2) Guilty ☑     (3) Nolo contendere (no contest) ☐

   (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to?

6. If you went to trial, what kind of trial did you have? (Check one)     Jury ☐     Judge only ☐

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?    Yes ❑    No ☑

8. Did you appeal from the judgment of conviction?    Yes ❑    No ☑

9. If you did appeal, answer the following:

(a) Name of court:

(b) Docket or case number (if you know):

(c) Result:

(d) Date of result (if you know):

(e) Citation to the case (if you know):

(f) Grounds raised:

(g) Did you file a petition for certiorari in the United States Supreme Court?    Yes ❑    No ❑

If "Yes," answer the following:

(1) Docket or case number (if you know):

(2) Result:

(3) Date of result (if you know):

(4) Citation to the case (if you know):

(5) Grounds raised:

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications concerning this judgment of conviction in any court?

Yes ❑    No ☑

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?     Yes ❑  No ❑

(7) Result:

(8) Date of result (if you know):

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?     Yes ❑   No ❑

(7) Result:

(8) Date of result (if you know):

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1)  First petition:        Yes ❑   No ❑

(2)  Second petition:     Yes ❑   No ❑

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States.  Attach additional pages if you have more than four grounds.  State the <u>facts</u> supporting each ground.

**GROUND ONE:** *Attached Pages 1-6*

(a) Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

(b) **Direct Appeal of Ground One:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ❑    No ❑

    (2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ❑    No ☑

    (2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

    Yes ❑    No ❑

(4) Did you appeal from the denial of your motion, petition, or application?

    Yes ❑    No ❑

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

    Yes ❑    No ❑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND TWO:** *Pages 1 - 6*

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

(b) **Direct Appeal of Ground Two:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ❏   No ❏

    (2) If you did not raise this issue in your direct appeal, explain why:


(c) **Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ❏   No ☑

    (2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:


Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):


    (3) Did you receive a hearing on your motion, petition, or application?

        Yes ❏   No ❏

    (4) Did you appeal from the denial of your motion, petition, or application?

        Yes ❏   No ❏

    (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

        Yes ❏   No ❏

    (6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:


Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND THREE:** *pages 1-6*

(a) Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

(b) **Direct Appeal of Ground Three:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ❑   No ❑

    (2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ❑   No ☑

    (2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

Yes ❑   No ❑

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ❑   No ❑

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ❑   No ❑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND FOUR:**

(a) Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

(b) **Direct Appeal of Ground Four:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ❑   No ❑

    (2) If you did not raise this issue in your direct appeal, explain why:


(c) **Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ❑   No ❑

    (2) If your answer to Question (c)(1) is "Yes," state:

    Type of motion or petition:

    Name and location of the court where the motion or petition was filed:


    Docket or case number (if you know):

    Date of the court's decision:

    Result (attach a copy of the court's opinion or order, if available):


    (3) Did you receive a hearing on your motion, petition, or application?

        Yes ❑   No ❑

    (4) Did you appeal from the denial of your motion, petition, or application?

        Yes ❑   No ❑

    (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

        Yes ❑   No ❑

    (6) If your answer to Question (c)(4) is "Yes," state:

    Name and location of the court where the appeal was filed:


    Docket or case number (if you know):

    Date of the court's decision:

    Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

13. Is there any ground in this motion that you have <u>not</u> previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the judgment you are challenging?      Yes ☐    No ☑
If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:
(a) At preliminary hearing:
   1) Daniel L. Ecarius   150 W Flagler St. Suite 1700  Miami, FL 33130
   2) R. D'Arcey Houlihan
(b) At arraignment and plea:
      Same
(c) At trial:

(d) At sentencing:
      Same

(e) On appeal:

(f) In any post-conviction proceeding:

(g) On appeal from any ruling against you in a post-conviction proceeding:

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?     Yes ☑ No ☐

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?     Yes ☐ No ☑

(a)  If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?     Yes ☐   No ☐

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of —

(1) the date on which the judgment of conviction became final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Therefore, movant asks that the Court grant the following relief:

*to set aside judgement and Sentence*

or any other relief to which movant may be entitled.

_____

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on

*May 31, 2016* (month, date, year).

Executed (signed) on ___*May 30, 2016*___ (date).

_____

Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.

<u>Ground One</u>: Qazi Raees's conviction was obtained involun-
tarily due to a misunderstanding of the nature of the charges
and a misunderstanding that movant's conduct did not fall
within the charge, in violation of the 5th Amendment.

<u>Facts:</u>

Raees did not understand that in order to violate 18 U.S.C.
§2339A(a), all of the conspirators must know the details of
the specific plan as well as agree to support in that plan.
Sheheryar Qazi Raees's brother, did not know, specifically,
where Raees was going to travel to, allegedly, use a weapon
of mass destruction, which is the underlying charge. The govern-
ment acknowledges this in the PSI factual basis #19:
"According to the government, S. Qazi did not know all of
the details of the attack plans..."
Sheheryar Qazi allowed Raees to stay with him and pro-
vided food and lodging not with the intention of con-
spiring in a crime but rather merely to support a relative
in need.
Sheheryar made a statement saying that he, Sheheryar, is
doing this (feeding and allowing Raees to live with him) for the
"Sake of Allaah". This statement does not necessarily mean
that he supported Raees in his, alleged, plan to travel to
New York to carry out an attack, but rather it meant
that he allowed Raees to stay as a help that a relat-
ive would provide to another relative without considering any

-1-

Criminal behavior on the part of the relative who is in need. Furthermore, Sheheryar did not know the alleged plan because he did not know where Raees was going when he left for New York. Also, Sheheryar was the legal guardian of Raees. They have lived together for a majority of their life together.

Prior to travelling to New York, Raees left a letter stating that he is going to "look for work". No destination was specified in the letter, nor any help was sought from Sheheryar. The computer that Raees used for various purposes was not bought by Sheheryar but by Raees. He, Raees, went to pick it up from the CHS for $150 which Raees earned by working at the mosque that he attended and at the flea market. Sheheryar did not mislead anyone by, allegedly, hiding Raees's whereabouts and activities for he did not know where Raees travelled to when he left for New York.

Raees did not take with him any explosives, explosive-making items, nor any weapons. Nor did he acquire any such items while in New York.

Raees changed his mind in his alleged plan as stated in his written statement (which was written by the federal agents): "I, Qaz Raees, ... had a change of heart...".

Therefore, there was no attempt of using a weapon of mass destruction.

Qaz Raees did not understand these points until after sentencing

by which he came to the conclusion that his conduct does not actually fall within 18 U.S.C. §2339A(a). he would not have pled guilty if the above points were understood.


Qazi Raees did not understand that to violate 18 U.S.C. §2339B(a)(1), one must give "direct" material support to Al-Qa'ida. He thought that even if one merely attempts to carry out an attack sympathetic to their cause would constitute giving them direct material support.

Raees did not actually give Al-Qa'ida direct support because he did not take any commands from them. He thought that by communicating with Al-Qa'ida privately along with the alleged plot ment giving them material support. However, he later learned that to give them material support, one must take commands from, of which the government does not have any evidence.

Raees would not have pled guilty had he known the above points.


Ground Two: Raees was improperly sentenced due to the imposition of the Terrorism Enhancement.


Facts:

Raees did not realize when he agreed that the Terrorism Sentencing Enhancement applied to him that it required his conduct to be calculated to influence or affect government conduct

thru coercion or intimidation or to retaliate against govern-
ment conduct, as enumerated in 18 U.S.C. Section 2332b(g)(5)(A).
This, in turn, increases his guidelines to 12 Points and increases
the criminal history from category I to VI. And this increases
his sentencing guidelines by about 20 years.

The Enhancement does not apply to Raees. Since no property
or personnel damage occured, His conduct did not far enough to
"influence or affect" Government conduct.

Raees's Conduct does not show an attempt of 18 U.S.C. §2339A(a)
and 18 U.S.C §2339B(a)(i) because no significant step was taken.
Since Raees did not travel to New York with an weapons of Mass
Destruction, nor did he acquire them there, there's no attempt. Also,
he changed his mind in his alleged Plan. He did not get far enough
to warrant this Enhancement.

Therefore, the Terrorism Enhancement does not apply to Raees.
And he would not have Pled Guilty, nor received 35 Years imprisonment
sentence, had he known the consequences of agreeing to the imposition
of this Enhancement.


Ground Three: Raees Qazi did not receive effective assistance
of counsel in violation of the 6th Amendment because counsel did
not adequately explain charges, nor assess if his conduct was within
the charges, nor verified if the Terrorism Enhancement applied to him.


Facts:

Counsel explained to Raees that because his brother knew somewhat

of Raees's alleged plan and his brother allowing him to live with him that constituted a conspiracy. However, Raees came later to understand the definition of 18 U.S.C. § 2339B(a) and it's nature.

Raees's brother did not know any details of the specific plan, as noted in the PSI, nor did support Raees in that specific plan.

Sheherzar did not Raees's whereabouts when Raees left for New York.

Raees did not seek any support from his brother when he traveled to New York.

Raees changed his mind in his alleged plan.

Counsel explained that Raees's communication with Al-Qaida and his travel to New York constituted an attempt to provide material support to a foreign terrorist organization. They failed to notify Raees that providing material support must be by receiving direct commands from Al-qaida or by giving them direct support, which Raees denies having done, nor does the government have sufficient proof for it.

Raees's communications dealt with with a religious debate as stated in his statement.

There is no showing of a direct material support to Al-qaida but only a few statements made by Raees which suggest a sympathetic emotional support of ideology, not actual material support.

Counsel failed to mention to Raees about the Terrorism Enhancement.

Counsel did not assess, nor verified, if the Terrorism Enhancement

applied to him. Counsel and Raees never discussed the Terrorism Enhancement.

Raees only came to realize the definition of this Enhancement and how it affects him later, after sentencing.

Raees's conduct does not show that his behavior was calculated to affect or influence government conduct for he never damaged any property or persons.

This Enhancement increases his Sentencing Guidelines by about 20 years.

Had it not been for the erroneous explanation of the charges and the improper determination to assess whether Raees's conduct was within the charges and the failure of any discussions about the Enhancement, Raees wouldn't have pled guilty.



Name Qazi Raees
Reg. No. 01223-104
U.S. Penitentiary Max.
P.O. Box 8500
Florence, CO 01226-8500

Legal
Mail

To: Judge Beth Bloom
Clerk, United States District For South Florida
31 N Miami Ave, Room 150
Miami, FL, 33128

MAY 3 1 2016

Administrative Remaining
P.O. Box 6000
Florence, CO 81226-6000

The enclosed letter was processed through special mailing procedures for forwarding to you. The letter has been neither opened nor inspected. If the writer raises a question or problem over which this facility has jurisdiction, you may wish to return the material for further information or clarification. If the writer encloses correspondence for forwarding to another addressee, please return the enclosure to the above address.