UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-cv-61177-BLOOM

RAEES ALAM QAZI,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.

_____/

## ORDER ON SECOND/SUCCESSIVE MOTION UNDER 28 U.S.C. § 2255

**THIS CAUSE** is before the Court upon Movant Raees Alam Qazi's ("Qazi" or "Movant") Actual Innocence Motion Filed to Reverse His Conviction Under Counts Two and Six[], Pursuant to 28 U.S.C. § 2255, ECF No. [21] ("Motion"), filed on May 9, 2022. The Court has reviewed the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is denied.

On January 16, 2015, Qazi was charged by Superseding Indictment with conspiring to use a weapon of mass destruction in violation of 18 U.S.C. § 2332a(a) (Count 1); conspiring to provide material support to terrorists in violation of 18 U.S.C. § 2339A(a) (Count 2); providing and attempting to provide material support to terrorists in violation of 18 U.S.C. § 2339A(a) (Count 3); conspiring to provide material support to a foreign terrorist organization in violation of 18 U.S.C. § 2339B(a)(1) (Count 4); attempting to provide material support to a foreign terrorist organization in violation of 18 U.S.C. § 2339B(a)(1) (Count 5); conspiring to forcibly assault a federal employee in violation of 18 U.S.C. § 371 (Count 6); forcibly assaulting a federal employee in violation of 18 U.S.C. § 111(a)(1) (Count 7); and attempting to murder a federal employee in violation of 18 U.S.C.

§ 1114(3) (Count 9). *See* Case No. 12-cr-60298, ECF No. [267].[1]

Qazi entered into a negotiated plea agreement with the Government, agreeing to plead guilty to Counts 2, 5, and 6 in the Superseding Indictment. Cr. ECF No. [283]. The Government agreed to seek dismissal of the remaining counts in the Superseding Indictment after sentencing.

On June 11, 2015, the court sentenced Qazi to a total sentence of 420 months' imprisonment, consisting of a 180-month term of imprisonment as to Count 2, a 180-month term as to Count 5, and a 60-month term of imprisonment as to Count 6, all to run consecutively. Cr. ECF No. [309]. The Criminal Judgment was entered on June 12, 2015. Cr. ECF No. [301]. Qazi did not file a direct appeal.

On May 30, 2016, Qazi filed his first motion under section 2255, claiming that his guilty plea was involuntary, the Court improperly imposed a terrorism enhancement, and he received ineffective assistance of counsel. ECF No. [1]. The Court denied Qazi's first motion on the merits and did not issue a certificate of appealability. *See* ECF No. [17]. Qazi did not file an appeal of the denial of his first motion. The instant Motion is Qazi's second section 2255 motion, in which he again claims ineffective assistance of counsel. *See* ECF No. [21] at 2.

"Before presenting a second or successive motion, the moving party must obtain an order from the appropriate court of appeals authorizing the district court to consider the motion[.]" Rules Governing § 2255 Proceedings, Rule 9.[2] As authorization has not been granted, this Court lacks

---

[1] The Court refers to docket entries in Qazi's criminal case as "Cr. ECF No. [x]."

[2] Section 2255(h) states:
   A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
      (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
      (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

jurisdiction to hear Qazi's present § 2255 motion, absent permission from the Eleventh Circuit Court of Appeals. *See Burton v. Stewart*, 549 U.S. 147, 153 (2007); *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003). Qazi has not alleged, let alone demonstrated, that he has received authorization from the Court of Appeals to file this successive § 2255 motion. Thus, this unauthorized successive § 2255 motion is dismissed for lack of jurisdiction. Further, because the court "lack[s] subject matter jurisdiction to consider the [instant] successive petition, [the Court may] not issue a [certificate of appealability]" with respect to any of Qazi's claims. *See Williams v. Chatman*, 510 F.3d 1290, 1295 (11th Cir. 2007) (citation omitted).

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion, **ECF No. [21]**, is **DENIED**, and no certificate of appealability shall issue. This case shall remain closed.

**DONE AND ORDERED** in Chambers at Miami, Florida, on May 10, 2022.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of record

Raees Alam Qazi, *pro se*
01223-104
Lee-USP
United States Penitentiary
Inmate Mail/Parcels
Post Office Box 305
Jonesville, VA 24263-0305