**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 16-cv-61177-BLOOM

RAEES ALAM QAZI,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.

_____/

**ORDER ON MOTION FOR RELIEF FROM FINAL JUDGMENT IN § 2255
PROCEEDING PURSUANT TO FED. R. CIV. P. RULE 60(b)(6)**

**THIS CAUSE** is before the Court upon Movant Raees Alam Qazi's ("Qazi" or "Movant") Motion for Relief from Final Judgment in § 2255 Proceeding Pursuant to Fed. R. Civ. P. Rule 60(b)(6) ("Motion"), ECF No. [23]. The Court has reviewed the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is denied.

The Court assumes the parties' familiarity with the facts and procedural history in this case. Most recently, Qazi filed a motion entitled Actual Innocence Motion Filed to Reverse His Conviction Under Counts Two and Six[], Pursuant to 28 U.S.C. § 2255, ECF No. [21] ("Actual Innocence Motion"). Therein, Qazi argued that he was deprived of effective assistance of counsel, and he was actually innocent of certain charges. *See generally id.* In the Court's Order of May 10, 2022, the Court deemed Qazi's Action Innocence Motion to be a successive § 2255 motion. ECF No. [22] at 3. Because Qazi had not obtained an order from the Eleventh Circuit authorizing him to file a successive § 2255 motion, the Court denied his motion for lack of jurisdiction. *Id.* at 2-3.

Qazi's present Rule 60(b) Motion argues that the Court's determination was erroneous because the new claim within his Actual Innocence Motion "did not ripen until after the conclusion

of his previous petition." ECF No. [23] at 3.[1] Qazi's new claim is that the decisions of *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), and *United States v. Davis*, 139 S. Ct. 2319 (2019), render two of his convictions unconstitutional. ECF No. [23] at 2. Qazi contends that he is therefore entitled to relief under Rule 60(b)(6).

Pursuant to Rule 60, the Court may grant relief from a judgment or order upon several bases, including for example "mistake, inadvertence, surprise, or excusable neglect; newly discovered evidence . . . or any other reason that justifies relief." *See* Fed. R. Civ. P. 60(b)(1), (2), (6). "Rule 60(b)(6) motions must demonstrate that the circumstances are sufficiently extraordinary to warrant relief." *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 741 F.3d 1349, 1355 (11th Cir. 2014) (internal quotations and citations omitted). "It is well established, . . . that relief under Rule 60(b)(6) is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances." *Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984) (internal citation and quotations omitted); *see also Frederick v. Kirby Tankships, Inc*., 205 F. 3d 1277, 1288 (11th Cir. 2000) ("Federal courts grant relief under Rule 60(b)(6) only for extraordinary circumstances."). Whether to grant relief pursuant to Rule 60(b) is ultimately a matter of discretion. *Aldana*, 741 F.3d at 1355 (citing *Cano v. Baker*, 435 F.3d 1337, 1342 (11th Cir. 2006) (internal citation and quotations omitted)).

Here, the circumstances are not sufficiently extraordinary to warrant relief under Rule 60(b)(6). Qazi argues that his Actual Innocence Motion should not be deemed a successive § 2255 motion because his new claim was not ripe since *Sessions* and *Davis* were decided after his first § 2255 motion was denied. ECF No. [23] at 3.

Qazi is incorrect. As the Court determined in its Order of May 10, 2022, the Court lacks

---

[1] In the Motion, Qazi does not address the other ground raised in the Second Motion—ineffective assistance of appellate counsel—and therefore, the Court does not address it here.

2

jurisdiction to decide whether *Sessions* or *Davis* contain "a new rule of constitutional law . . . that was previously unavailable." 28 U.S.C. § 2255(h)(2); *see Farris v. United States*, 333 F.3d 1211, 1216 (2003) ("Without authorization, the district court lacks jurisdiction to consider a second or successive petition.").

The three cases Qazi cites in his Motion are inapposite. *Gonzalez v. Crosby* held that a motion should not be "treated as a successive habeas petition if it does not assert, or reassert, claims of error in the movant's state conviction." 545 U.S. 524, 538 (2005). Here, by contrast, there is no dispute that Qazi's second § 2255 motion asserts a claim of error in his convictions. *Panetti v. Quarterman* addressed the specific situation of a petitioner sentenced to death whose claim of incompetency to be executed was not ripe when he filed his first habeas petition. 551 U.S. 930, 947 (2007). Qazi's situation is in no way analogous. Lastly, in *Stewart v. United States*, a petitioner's second § 2255 motion was deemed not successive because it was based on a fact that did not exist at the time of his first § 2255 motion, namely, that his state convictions had been vacated. 646 F.3d 856, 865 (11th Cir. 2011). Qazi's second § 2255 motion, by contrast, is based solely on what he believes to be a change in the law. That is precisely the type of claim that this Court lacks jurisdiction to consider, without prior authorization from the Court of Appeals. *See* 28 U.S.C. § 2255(h)(2); *Farris*, 333 F.3d at 1216.

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion, **ECF No. [23]**, is **DENIED** and no certificate of appealability shall issue. This case shall remain closed.

**DONE AND ORDERED** in Chambers at Miami, Florida, on June 2, 2022.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Case No. 16-cv-61177-BLOOM

Counsel of record

Raees Alam Qazi, *pro se*
01223-104
Lee-USP
United States Penitentiary
Inmate Mail/Parcels
Post Office Box 305
Jonesville, VA 24263-0305