UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-cv-61177-BLOOM

RAEES ALAM QAZI,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER DENYING MOTION UNDER FED. R. CIV. P. 60(b)

**THIS CAUSE** is before the Court upon Movant Raees Alam Qazi's ("Qazi") Motion Under Fed. R. Civ. P. 60(b), ECF No. [33] ("Motion"), docketed on February 16, 2023. In his Motion, Qazi argues that his subsequent filing was not a motion pursuant to 28 U.S.C. § 2255, that he is using his motion solely to reinstate his right to direct appeal, and his subsequent motion was not a "second or successive motion" because the Court failed to warn Movant that the Court was recharacterizing his June 3, 2016 motion, ECF No. [1], as a first motion pursuant to § 2255. *See id*. at 2; *see also* 28 U.S.C. § 2255(h) (providing that a second or successive motion under § 2255 must be certified as provided in § 2244 by a panel of the appropriate court of appeals to contain newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable).

The Court assumes the reader's familiarity with the facts and procedural history in this case, but notes the present Motion follows a series of motions filed by Qazi after the Court's May

Case No. 16-cv-61177-BLOOM

10, 2022 Order, ECF No. [22], denying Qazi's second 28 U.S.C. § 2255 motion, ECF No. [21]. *See* ECF Nos. [23] (Motion pursuant to Rule 60(b) of the Federal Rules of Civil Procedure), [26] (Motion for Leave to Appeal *in Forma Pauperis*), and [30] (Motion pursuant to 28 U.S.C. § 2255(f)(3)).

The arguments in Qazi's present Motion are duplicative of his prior attempts and are unavailing because the Movant, not the Court, had characterized his first motion in this action, ECF No. [1], as a motion under § 2255. *See Castro v. United States*, 540 U.S. 375, 383 (2003) ("[t]he limitation [on recharacterizing a *pro se* litigant's motion] applies when a court recharacterizes a *pro se* litigant's motion as a first § 2255 motion."). As such, the Court had not recharacterized the June 3, 2016 motion as a §255 motion, so Qazi's May 3, 2022 motion, ECF No. [21], is a second or successive motion under § 2255. Thus, as the Court stated in its July 18, 2022 Order, "[u]ntil Qazi obtains a certification from the Eleventh Circuit Court of Appeals, this Court lacks jurisdiction to consider Qazi's successive § 2255 Motion." ECF No. [31] at 2. Nothing has changed.

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion, **ECF No. [33]** is **DENIED** and no certificate of appealability shall issue. The case shall remain closed.

**DONE AND ORDERED** in Chambers at Miami, Florida, on February 28, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Case No. 16-cv-61177-BLOOM

Raees Alam Qazi, pro se
01223-104
Lee-USP
United States Penitentiary
Inmate Mail/Parcels
Post Office Box 305
Jonesville, VA 24263-0305